ELISHA CAREY, defendant below, *vs.* WILLIAM RUSSEL, Sen., plaintiff below.

A justice of the peace has not power to enter a judgment on the report of arbitrators apppointed by the parties in an amicable action.

CERTIORARI to Justice Rench.

Record. William Russel *vs.* Elisha Carey. Amicable action before Matthew Rench, Esq. The parties went voluntarily before the justice, and agreed in writing to refer all matters in variance between them to two referees chosen by themselves, who were sworn, and made report in favor of the plaintiff for $25 75, on which the magistrate entered judgment for that amount with costs.

The exception was, that justices of the peace have no jurisdiction to try amicable actions. The trial must be either by three referees *appointed by the justice,* or by the justice himself. And he has no right to try any cause unless originated by summons or capias, with the single exception of entering judgment on a judgment note.

In support of the judgment it was urged, that the reference in this case was authorized by the written consent of parties; and that their agreement that the justice of the peace should render judgment pursuant to such reference removed all objection.

*By the Court.*—The principle is, that consent may take away error, but cannot confer jurisdiction. The jurisdiction of inferior tribunals must be construed strictly; it is conferred by statute and must be plainly embraced within the terms of the law. There is nothing in the act " providing for the recovery of small debts," authorizing the entry of an amicable action before justices of the peace, or authorizing the entry of judgments by them otherwise than in suits commenced according to the forms of that law and tried before them, or before referees of their appointment, or upon judgment notes. The principle of this case was decided in *Morrison* vs. *The Wilmington & Kennet Turnpike Company.* 1 *Harr. Rep.* 366.

Judgment reversed.

*C. G. Ridgely,* for plaintiff in error.
*Brinckloe,* for defendant in error.